GREGORY EVANS
(*Pro Hac Vice Application Pending*)
WILLIAM R. PLETCHER
(*Pro Hac Vice Application Pending*)
Integer Law Corporation
811 West Seventh Street, Twelfth Floor
Los Angeles, California 90017
Telephone: (213) 627-2268
Facsimile:  (213) 627-2579
E-mail:  gevans@integerlegal.com

STEFAN T. WALL
McMahon, Wall & Hubley, PLLC
212 North Rodney Street
Helena, Montana 59601
Telephone: (406) 442-1054
Facsimile:  (406) 442-6455
E-Mail: stefan@mlfpllc.com

Attorneys for ASARCO LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH PETROLEUM, PLC, a United Kingdom Corporation, AMERICAN CHEMET CORPORATION, a Montana Corporation,<br><br>Defendants. | Case No.: _____<br><br>**CIVIL COMPLAINT** |

Plaintiff ASARCO LLC ("Asarco") complains of Defendant and alleges:

## NATURE OF THE ACTION

1.      Over thirty years ago, Congress enacted the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA" and "SARA"), 42 U.S.C. ¶¶ 9601-9675, to promote the cleanup of the environment after over 200 years of industrial development in the United States. Key to this cleanup scheme is that environmental remediation does not need to wait for final allocation of liability; settlements are favored and clean up often precedes allocation.  Both governmental and private parties can seize the initiative to remediate a site; Congress has determined that those who first pay to clean up can later recover costs from other parties responsible for contamination at a site that have failed to act.

2.      This is a civil action brought by Asarco pursuant to CERCLA for contribution and cost recovery against defendants for costs incurred by Asarco at the East Helena Site.  Asarco has paid approximately $114 million to settle all of its CERCLA-related liability at the Site.  This settlement included costs to clean up and control contamination that cannot be associated with Asarco's historic activities, but can only have come from defendants' facilities.

///

///

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action, and this defendant, pursuant to 28 U.S.C. §§ 1331 and 1367(a), and Sections 107 and 113 of CERCLA, 42 U.S.C §§ 9607 and 9613.

4.    Venue is proper in this judicial district pursuant to 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a), 9613(b), and 28 U.S.C. §§ 1391(b) because the claims arose, and the threatened and/or actual releases of hazardous substances occurred within the District of Montana.

## PLAINTIFF

5.    Asarco is a limited liability company organized under the laws of the state of Delaware.  Asarco owned and operated a historic smelting and refining facility in East Helena, Montana.

6.    Asarco has taken responsibility for the cleanup of all of its known liabilities for any "releases" under CERCLA Section 107(a), *et seq.*, 42 U.S.C. § 9607(a), *et seq.*, for Asarco's historic smelting operations at East Helena, and Asarco has settled all of its liability at the site with the United States ("EPA") and the State of Montana.

## DEFENDANT

7.    Defendants British Petroleum, PLC ("BP") is a United Kingdom corporation that has conducted metals processing, storage, transport and/or related

3

operations through facilities in or near the East Helena Site.  BP is an "owner," "operator," and/or "arranger" of a "facility" pursuant to Sections 101(9) and (20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(9) and (20) and 9607(a)(1) and (2).  BP is also a "person," within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

8.      Defendant American Chemet Corporation ("AC") is a Montana Corporation that has conducted metals processing, storage, transport and/or related operations through facilities in or near the East Helena Site.  AC is an "owner," "operator," and/or "arranger" of a "facility" pursuant to Sections 101(9) and (20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(9) and (20) and 9607(a)(1) and (2).  AC is also a "person," within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## SITE DESCRIPTION AND FACTUAL BACKGROUND

9.      For more than a hundred years, Asarco, along with others, operated a metals refinery on in East Helena, Montana.  Lead and zinc smelting and metals processing operations deposited lead, arsenic, copper, zinc, cadmium and some 15 other hazardous substances into the soil, surface water and groundwater of the Helena Valley.  Asarco shut down its facility on April 4, 2001.

10.     As a result of discovery of metals contamination in East Helena, the East Helena Superfund Site was added to the National Priorities List, or

"Superfund," in 1984. East Helena Superfund Site includes Asarco's former lead smelter that operated from 1888 until 2001, the town of East Helena, several residential subdivisions, and surrounding rural agricultural lands.

11.   EPA's CERCLA enforcement action against Asarco was pending on August 9, 2005, when Asarco filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

12.   EPA continued its enforcement action against Asarco by filing certain proofs of claim and initial submissions in Asarco bankruptcy case (the "Enforcement Action"). Alleging that Asarco was responsible for contamination at East Helena under CERCLA, EPA sought recovery from Asarco of the entire liability alleged for East Helena.

13.   Asarco made two separate settlements in its bankruptcy concerning East Helena. It settled its liability to the United States for approximately $13 million. It also provided $100 million in cash to a trust for the benefit of the State of Montana, and gave Montana certain properties in the state. These settlements (collectively, "East Helena Settlements") were approved by the Bankruptcy Court and United States District Court. These settlements were designed to be funded upon court approval of a plan of reorganization.

///

14.    On November 13, 2009 Asarco's Plan of Reorganization, under which Asarco would make full payment on its environmental claims as approved by the Bankruptcy Court, was approved by the District Court for the Southern District of Texas.

15.    On December 9, 2009 Plaintiff's Plan of Reorganization became effective, enabling disbursal of funds for environmental settlements, including funds for the East Helena Settlements.  Asarco fully funded the East Helena Settlements at one hundred cents on the dollar as part of its reorganization.  Thus, the East Helena Settlements constitutes a judicially approved settlement which stems from enforcement action taken pursuant to Section 106 or Section 107 of CERCLA.

16.    The East Helena Settlements fund a cleanup at East Helena that addresses fully all of Asarco's "releases" under CERCLA at the East Helena Site, as well as the released by BP and AC during their ownership or operation of facilities at the East Helena Site or near or adjacent to the Site.

17.    BP (including through its corporate predecessors) owned and operated a zinc mining facility adjacent to the East Helena site.  This mining facility operated forty-five years, from 1927-1972.  These operations lead to disposals or discharges of lead, arsenic, copper, zinc, cadmium and other hazardous substances

6

18.   into the soil, surface water and groundwater of the Helena Valley. Asarco's East Helena Settlements have paid to remediate these metals.

19.   AC owns and operates a metals processing facility adjacent to the East Helena site, which facility manufactures cuprous oxide, cupric oxide, zinc oxide, among other products.  These operations have led to disposals or discharges of copper, zinc, and other hazardous substances into the soil, surface water and groundwater of the Helena Valley.  Asarco's East Helena Settlements have paid to remediate these metals.

## COUNT I
## CLAIM FOR CONTRIBUTION UNDER SECTION 113(f) OF CERCLA

20.   Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

21.   The East Helena Site and surrounding areas, are "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22.   "Hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were disposed of, placed, released, or otherwise became located in the East Helena Site at times relevant to this action by Defendants BP and AC.

///

///

23.    Defendants BP and AC are responsible for "releases" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22) into the environment at or from the East Helena Site at times relevant to this action.

24.    Response costs for the East Helena Site are consistent with the National Contingency Plan (the "NCP"), pursuant to Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B) and implementing regulations.

25.    Any person may seek contribution from any other person who is liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), 42 U.S.C. § 9613(f)(1).

26.    A person is liable under Section 107(a) of CERCLA if the person owned or operated any facility at which such hazardous substances were disposed. 42 U.S.C. § 9607(a)(2).

27.    A person is liable under Section 107(a) of CERCLA if the person arranged, by contract or otherwise, with a transporter for transport or disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances. 42 U.S.C. § 9607(a)(3).

28.    A person is liable under Section 107(a) of CERCLA if the person accepted any hazardous substances for transport to disposal or treatment facilities,

incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs. 42 U.S.C. § 9607(a)(4).

29.    Defendants BP and AC are "persons" who are liable for owning and/or operating facilities at or from which hazardous substances were disposed under 42 U.S.C. § 9607(a)(2), for arranging transport or disposal of hazardous substances under 42 U.S.C. § 9607(a)(3), and/or transporting hazardous substances in or near the East Helena Site, under 42 U.S.C. § 9607(a)(4).

30.    Asarco has resolved CERCLA liability for response action with the United States and State of Montana through the judicially approved bankruptcy reorganization and may seek contribution pursuant to Section 113(f) of CERCLA, 42, U.S.C. § 9613(f).

31.    To date, Asarco has incurred approximately $113,000,000 for response action consistent with the NCP pursuant to 42 U.S.C. § 9607(a)(4)(B). This amount represents more than Asarco's allocable share of costs related to its releases or disposal of hazardous substances in or near the East Helena Site.

32.    Because Defendants BP and AC qualify as responsible parties under CERCLA § 107(a), Defendants BP and AC are liable for their equitable shares of any overpayment incurred by Asarco.

///

33.     WHEREFORE, Plaintiff respectfully requests that judgment be

entered in its favor and against Defendants:

(1)     Ordering Defendants to pay contribution to Plaintiff in a sum to
be determined by the Court to be owed to Plaintiff for response
costs;

(2)     Awarding Plaintiff its costs and attorneys' fees; and

(3)     Awarding Plaintiff all other relief that the Court deems

appropriate.

Dated:  June 5, 2012.

Respectfully submitted,

Gregory Evans
*Pro Hac Vice Application Pending*
William R. Pletcher
*Pro Hac Vice Application Pending*
Integer Law Corporation
811 West Seventh Street, Twelfth Floor
Los Angeles, California 90017
Telephone: (213) 627-2268
Facsimile:  (213) 627-2579
E-mail: gevans@integerlegal.com
E-mail: wpletcher@integerlegal.com

Stefan T. Wall
McMahon, Wall & Hubley, PLLC
212 North Rodney Street
Helena, Montana 59601
Telephone: (406) 442-1054
Facsimile:  (406) 442-6455
E-Mail: stefan@mlfpllc.com

Attorneys for Asarco LLC

10