IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ASARCO LLC, a Delaware corporation, | ) | CV 12-53-H-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ATLANTIC RICHFIELD COMPANY, | ) | |
| a Delaware Corporation, AMERICAN | ) | |
| CHEMET CORPORATION, a Montana | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is the motion of American Chemet Corporation

("American Chemet") to dismiss the First Amended Complaint filed by ASARCO

LLC ("ASARCO").  American Chemet suggests several independent bases for

dismissal.  It argues that ASARCO's claims for contribution are time-barred; that

ASARCO is judicially estopped from making these claims; and that ASARCO

failed to join all potentially responsible parties.

After briefing had been completed on American Chemet's motion to

dismiss, Defendant Atlantic Richfield Company ("Atlantic") moved to join the

motion based on the limited grounds that the claim is time-barred by the June 5, 2009 entry of the Consent Decree and the February 6, 2009 approval of a settlement agreement.  ASARCO does not oppose Atlantic's motion to join insofar as it simply seeks to join in American Chemet's arguments, but does object to Atlantic's "recap" of the arguments.  Atlantic's motion to join limited portions of the motion to dismiss is granted.  However, because the additional briefing and argument do not affect the Court's analysis of the issues, ASARCO's request for an opportunity to submit more briefs is denied.

Finally, because the issues can be decided on the briefs already submitted, ASARCO's unopposed motion for oral arguments is also denied.  For the reasons discussed below, the motion to dismiss is denied.

## BACKGROUND

ASARCO and its predecessors operated a metals refinery in East Helena, Montana, for over a hundred years.  Lead and zinc smelting and metals processing operations deposited numerous hazardous substances into the soil, surface water, and groundwater in the area.  ASARCO's facility was closed on April 4, 2001.

East Helena was named a "Superfund" site in 1984.  In 1990 and 1998, ASARCO entered settlement agreements with the Environmental Protection Agency ("EPA") concerning remediation of various aspects of the site.  In 2005,

2

ASARCO filed for bankruptcy.  Within that proceeding, it entered two additional

settlements with the EPA regarding its liability at the East Helena site, among

other sites around the nation.  Each settlement agreement was judicially approved.

Now ASARCO seeks contribution from American Chemet and Atlantic

Richfield, which it claims are potentially responsible parties who share liability for

the releases at the site.

ANALYSIS

## I.  Statute of Limitations

A party who has been sued under § 106 or § 107 of the Comprehensive

Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA")

may bring a contribution claim under § 113(f)(1) against other liable parties.

*Cooper Industries, Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 160–61 (2004).

CERCLA provides a three-year statute of limitations for such claims:

> No action for contribution for any response costs or damages may be
> commenced more than 3 years after—
>
> (A) the date of judgment in any action under this chapter for recovery of
> such costs or damages, or
>
> (B) the date of an administrative order under section 9622(g) of this title
> (relating to de minimis settlements) or 9622(h) of this title (relating to
> cost recovery settlements) or entry of a judicially approved settlement
> with respect to such costs or damages.

41 U.S.C. § 9613(g)(3).  The latter clause of § 9613(g)(3)(B) is at issue here.

The plain language of § 9613(g)(3)(B) contradicts ASARCO's contention that the statute of limitations did not begin to run until its Reorganization Plan was either approved by the Bankruptcy Court or became effective.  *Asarco, LLC v. Hecla Min. Co.*, 2012 WL 5929962, *2 (E.D. Wash. Nov. 27, 2012) (rejecting a like argument).  Additionally, the date a settling party makes payment is irrelevant. *RSR Corp. v. Com. Metals Co.*, 496 F.3d 552, 558 (6th Cir. 2007) ("[E]ven if the covenant regarding future response costs did not take effect until the remedial action was complete, the statute of limitations for contribution actions runs from the "entry" of the settlement, 42 U.S.C. § 9613(g)(3)(B), not from the date that each provision of that settlement takes effect.")  Otherwise, a party could circumvent the statute of limitations by delaying payment under a settlement.

After entry of a judicially approved settlement, the settling party must "seek contribution within three years of that settlement for costs incurred in the settlement." *Am. Cyanamid Co. v. Capuano*, 381 F.3d 6, 16 (1st Cir. 2004) (citing 42 U.S.C. § 9613(f)(2).  "The statute of limitations, however, is not triggered for costs not contained within the [settlement agreement]." *Id.*

American Chemet points to four different judicially approved settlement agreements that ASARCO has entered concerning the East Helena Site.  The Court

4

takes judicial notice of these documents as court records and particularly notes the date upon which each was entered. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (A court may take judicial notice of court records, but judicial notice may not extend to the truth of facts asserted in those records); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (materials from a proceeding in another court are appropriate for judicial notice); Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute. . . .").

To the extent that each agreement covered a portion of the costs for which ASARCO seeks contribution here, the statute of limitations was triggered for those specific costs when the agreement was entered. Three of the four agreements were entered more than three years before ASARCO filed this action. Thus, the statute of limitations to seek contributions for the costs covered in the 1990, 1998, and February 2009 consent decrees had expired. The precise extent to which the costs for which ASARCO seeks contribution are the same as those covered in these agreements is a disputed issue of fact that will have to be determined at a later stage in this litigation.

The statute of limitations had not run on the new costs covered in the June 5, 2009 Consent Decree, which by its terms is comprehensive. American Chemet

and Atlantic Richfield insist that the statute of limitations expired June 4, 2012, and that ASARCO's Complaint was filed a day late. However, the language of § 9613(g)(3)(B) is not as clear as the defendants contend, and it is reasonable to construe the statute of limitations in light of Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(a) provides that if the statute does not set out a different method for computing the time, the day of the triggering event—in this case, the entry of a judicially approved settlement—should be excluded from the calculation of the statute of limitations. Other courts have also interpreted the statute of limitations this way. In *American Cyanamid Co. v. Capuano*, 381 F.3d at 11–12, the First Circuit held that a contribution action initiated following the entry of a judgment under 41 U.S.C. § 9613(g)(3)(A) on April 20, 1988, "should have been brought by April 20, 1991." Similarly, the Second Circuit has stated that where a consent decree was entered on April 2, 1997, a suit for contribution could not be commenced "after April 2, 2000." *N.Y. v. Solvent Chem. Co., Inc.*, 664 F.3d 22, 26–27 (2d Cir. 2011). More recently, the Eastern District of Washington rejected an identical statute of limitations argument raised by a defendant in *Asarco, LLC v. Hecla Min. Co.*, 2012 WL 5929962 *5 (citing *Idaho v. Howmet Turbine Component Corp.*, 627 F. Supp. 1274, 1277 (D. Idaho 1986)).

Based on the foregoing, the defendants' motion to dismiss the case on the

grounds that a statute of limitations has expired is denied.  While the statute of limitations had expired for pursuing contribution for the costs incurred in the 1990, 1998, and February 2009 agreements, the extent to which those costs are the same as those for which ASARCO now seeks contribution cannot be decided on a motion to dismiss.

## II.  Judicial Estoppel

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  Under the doctrine, a debtor who has obtained relief in bankruptcy is judicially estopped "from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements" if the debtor had knowledge of enough facts to know at the time that a potential cause of action existed.  *Id.* at 783–84.

In determining whether judicial estoppel applies, the Court can consider ASARCO's Reorganization Plan (doc. 21-2) and Exhibit 9 to the plan, the "Schedule of Preserved Litigation Claims" (doc. 21-3), because they are the basis for ASARCO's claim.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  The authenticity of the documents is not disputed, and ASARCO's claims depend

7

on whether they were described in the documents.  *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (When a debtor fails to schedule a claim in bankruptcy, the claim remains the property of the bankruptcy estate, and the debtor lacks standing to pursue it.)  "Where, as here, the fact at issue is the existence of a statement in a declaration within a bankruptcy proceeding, and not the truth of the statement itself, the accuracy of the fact at issue cannot be reasonably questioned."  *Rose v. Beverly Health & Rehab. Servs., Inc.*, 356 B.R. 18, 22 (E.D. Cal. 2006) aff'd sub nom. 295 Fed. Appx. 142 (9th Cir. 2008) (unpublished)).

The Reorganization Plan preserves "[a]ny and all claims and causes of action that were owned by ASARCO . . . including, without limitation, for indemnity and contribution for environmental damages, harm or injury, which PRP claims have not been discharged or settled as of the Effective Date."  (Doc. 21-2 at 34.)  The Schedule of Preserved Litigation Claims repeats the general category asserted in the Reorganization Plan ("all rights and interests in actions and/or claims against third parties ('potentially responsible parties' or 'PRP'), for indemnity and contribution for environmental damages, harm or injury, which PRP claims have not been discharged or settled in this bankruptcy"), and also lists specific sites, including "East Helena Yards and NRD," which American Chemet

claims does not include all portions of the East Helena Site.  (Doc. 21-3 at 6–7.)

It is not reasonable to argue that ASARCO did not preserve its contribution claims for the East Helena Site.  ASARCO preserved "any and all" CERCLA contribution claims in its Reorganization Plan and repeated that it preserved "all rights and interests" in contribution actions in its Schedule.  It then listed "East Helena Yards and NRD" in its chart, indicating that the East Helena Site was contemplated as part of "all" the contribution claims ASARCO owned.  There is no indication in the Schedule or Reorganization Plan that "East Helena Yards" was intended to limit ASARCO's general reservation of rights concerning the East Helena site, and considering the broad language preserving "any and all" CERCLA contribution claims, it cannot reasonably be argued that ASARCO deceived the bankruptcy court or its creditors.  *Hamilton*, 270 F.3d at 785 (noting that the rationale for invoking judicial estoppel is to protect the integrity of the bankruptcy system, and protect the interests of both creditors and the bankruptcy court).  Accordingly, ASARCO is not judicially estopped from raising this claim.

## III.  Failure to Join a Party

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a party may seek dismissal of an action if the plaintiff failed to join a required party under Rule 19.  To determine whether a non-party is required under Rule 19(a), a court must

9

determine whether "complete relief" is possible among those already parties to the suit and whether the non-party has a "legally protected interest in the suit." *Yellowstone Co. v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996); Fed. R. Civ. P. 19(a)(1).

CERCLA provides that "any person *may* seek contribution from any other person who is liable or potentially liable under § 9607(a) of this title."  42 U.S.C. § 9613(f)(1) (emphasis added).  After settling a CERCLA action with the EPA in bankruptcy court, ASARCO chose to seek contribution from American Chemet and Atlantic Richfield.  American Chemet argues that ASARCO must also join Burlington Northern Railroad because it is a potentially responsible party. However, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).  A defendant's possible right of contribution against a missing party does not require that party's joinder under Rule 19, and it is possible to accord complete relief between American Chemet, Atlantic Richfield, and ASARCO without the joinder of Burlington Northern or other potentially responsible parties.

## CONCLUSION

Based on the foregoing, IT IS ORDERED:

1. Defendant Atlantic Richfield's Motion to Join Limited Portions of

Defendant American Chemet's Motion to Dismiss (doc. 41) is GRANTED.

2.  Plaintiff ASARCO's Unopposed Motion for Oral Argument (doc. 47) is

DENIED.

3.  Defendant American Chemet's Motion to Dismiss (doc. 14) is DENIED.

Dated this 30th day of November 2012.


Dana L. Christensen, District Judge
United States District Court