IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTIC RICHFIELD COMPANY, a Delaware corporation, AMERICAN CHEMET CORPORATION, a Montana corporation,<br><br>Defendants. | CV 12–53–H–DLC<br><br>ORDER |

On December 30, 2013, Plaintiff Asarco filed two documents with the Court: (1) objections to Defendant Atlantic Richfield Company's expert reports of Brian Hansen and Alan D. Zunkel (Doc. 92), and (2) objections to Defendant American Chemet Corporation's expert report of Dr. Allen J. Medine. The respective Defendants responded to the objections. (Docs. 94; 97.)

Generally, Asarco argues that the opinion testimony of all three proffered experts should be given "little or no weight" (Docs. 92 at 2; 93 at 2), and should be excluded. Specifically, Asarco claims the following with respect to each proffered Defense expert:

1

- Liability expert Brian Hansen offers opinions on areas outside of his expertise and qualifications. His testimony is not based on a comprehensive and reliable foundation and fails to properly account for and rule out other plausible scenarios through which the East Helena Site may have been contaminated or by whom it may have been contaminated.

- Liability expert Dr. Alan Zunkel's testimony is not based on a comprehensive and reliable foundation and fails to properly account for and rule out other plausible scenarios through which the East Helena Site may have been contaminated or by whom it may have been contaminated. Dr. Zunkel's methodology and resulting opinions are flawed, are not based upon sufficient underlying facts and data, and are not the product of reliable scientific principle and methods.

- Liability expert Dr. Allen Medine offers opinions on areas outside of his expertise and qualifications. Dr. Medine's methodology is flawed and not based on sufficient underlying facts and data, and/or are not the product of reliable scientific principles and methods.

Asarco claims that all three experts' opinions fail to meet the requirements of Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702 and 703, and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). However, Asarco

does not advance any argument as to why or how the expert reports fail to satisfy the timeliness and sufficiency standards required by Rule 26(a)(2)(B), referencing that Rule only in its headings. Asarco's actual arguments are limited to the Federal Rules of Evidence and *Daubert*.

Presumably, Asarco filed its objections pursuant to Paragraph 8 of the Court's scheduling order, which states in relevant part: "Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be made within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived" (Doc. 56 at 5). To the extent Asarco is confused by this paragraph of the scheduling order, the following clarification is provided. The order makes no mention of objections related to the admissibility of expert opinions based on the Federal Rules of Evidence or *Daubert* and its progeny, and for good reason: such objections are most appropriately addressed through a motion limine filed closer to trial and in accordance with the briefing schedule established by the Court. The Court will certainly entertain such motions in this instance, provided that they are fully compliant with the Local Rules – particularly Rules 7, 26.2, and 26.3(c).

However, the Court takes this opportunity to note that it is generally hesitant to completely disqualify an expert prior to trial – especially in a situation like this where the trial is nearly 7 months away – unless the expert's testimony clearly

does not satisfy a *Daubert* analysis, or for some other readily apparent reason based on Federal Rules of Evidence 702-705. Absent clear grounds for exclusion, the Court prefers to consider specific objections to expert witness testimony at trial, after the witnesses have been properly certified as experts on the basis of sufficient foundational testimony, and in the context of the case that the Plaintiff chooses to present, and upon Court review of the experts' reports.[1]

As a final point, in the opening line of both of its objections, Asarco states that the expert opinions "should be given little or no weight." While Asarco goes on to request that much of the testimony be excluded, the Court notes that objections directed to the weight or credibility of testimony are best handled through cross-examination at trial.

Finally, Defendant American Chemet recently filed an objection to Asarco's rebuttal expert disclosure and rebuttal expert reports (Doc. 111) pursuant to Paragraphs 8 and 9 of the scheduling order. The Court notes the objection, and acknowledges that its contents are properly limited to the timeliness of Asarco's disclosure under Rule 26(a)(2)(D)(ii). Should American Chemet wish to seek a remedy from the Court for these alleged violations, it may file a motion that complies with the Local Rules and the Court's scheduling order.

---

[1] Asarco did not submit the challenged expert reports with its objections.

IT IS ORDERED that Asarco's objections (Docs. 92; 93) are OVERRULED, subject to renewal at the appropriate time and in the appropriate form.

Dated this 19th day of March, 2014.

Dana L. Christensen, Chief District Judge
United States District Court