IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTIC RICHFIELD COMPANY, a Delaware corporation, AMERICAN CHEMET CORPORATION, a Montana corporation,<br><br>Defendants. | CV 12–53–H–DLC<br><br>ORDER |

Defendant Atlantic Richfield Company has filed a motion to compel further deposition testimony regarding its Rule 30(b)(6) deposition notice. Atlantic Richfield requests that the Court: (1) compel Asarco to provide properly prepared and knowledgeable witnesses to testify in response to its Rule 30(b)(6) deposition notice, on the ground that Asarco's designated Rule 30(b)(6) deponents – Thomas Aldrich and Donald Robbins – have not been properly prepared and are not sufficiently knowledgeable to serve in that role; and (2) issue an order related to the further depositions it seeks directing Plaintiff and its Counsel not to obstruct those depositions by unwarranted and excessive objections.

1

Asarco responds that the motion should be denied as moot because although it "disagreed steadfastly with [Atlantic Richfield's] assertions," (Doc. 118 at 4), it has agreed to all of the relief that Atlantic Richfield requests, including making Mr. Robbins and Mr. Aldrich available on March 26, 2014 for additional depositions. It appears from Asarco's brief that these depositions have in fact been scheduled to occur on that date.

Asarco's response does not address the legal arguments asserted by Atlantic Richfield, focusing instead on the fact that it has agreed to all of the relief Atlantic Richfield seeks. The Court accepts these statements as assurances made in good faith, and will reserve judgment on the motion until after the depositions scheduled for March 26, 2014.

However, in the interest of facilitating productive depositions that do not spark the need for further Court action, the Court notes that Atlantic Richfield's objections to the representatives' preparedness to testify on the subjects for which they were designated are not without merit. While the Court declines to rule on this issue at this time, it will state its general position on the issue.

Federal Rule of Civil Procedure 30(b)(6) provides that:

> "[A] party may name as [a] deponent a . . . private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers,

directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . . The persons designated must testify about information known or reasonably available to the organization."

United States District Judge Donald Molloy clarifies this Court's position on this Rule and the proper scope and basis for a designated representative's testimony in *Pioneer Drive, LLC v. Nissan Diesel America, Inc*. Judge Molloy writes:

> The rule is designed to ensure efficient discovery with corporate entities. *Resolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir.1993). A notice followed by the organization designating a representative avoids floundering depositions of agents who lack authority over the matter, or knowledge about the matter. Advisory Committee's Note on Fed.R.Civ.P. 30. Behind the principle of efficiency, comes the corollary of responsibility. The proponent must describe "with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). The corporate party then has an affirmative duty to educate and to prepare the designated representative for the deposition. *Sprint Commc'n Co. L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D.Kan.2006). This duty requires a Rule 30(b)(6) designee to testify to more than just what he or she personally knows. The designee speaks for the organization as a whole and must make efforts to be able to do so. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (1996). That means the designee cannot be a potted plant.

262 F.R.D. 552, 558 (D. Mont. 2009). Thus, Aldrich and Robbins must be fully prepared to testify on the topics for which they were designated. The basis for this

testimony must extend past their own personal knowledge, as they are speaking for the organization as a whole. These representatives may not simply rest on their extensive tenures at Asarco, instead they must be proactive in their preparation. By way of example, if Mr. Robbins was designated to testify as to the 1990 and 1998 Consent Decrees, he must be able to do so, and to discuss the nonprivileged materials he used in preparing for the deposition.

It is the Court's hope that the parties are able to resolve this issue through the depositions scheduled for March 26, 2014. If this is not possible and the task falls to the Court, it will not look favorably on insufficient preparation of the designated representatives, and will have little patience for any objections that it views as obstructionist or lacking legitimate foundation.

IT IS ORDERED that Atlantic Richfield shall file one of two documents on or before April 2, 2014:

(1) a motion to withdraw its motion to compel; or

(2) a status report as to its position on its motion to compel following the depositions currently scheduled for March 26, 2014.

Dated this 25th day of March, 2014.

Dana L. Christensen, Chief District Judge
United States District Court