Randy J. Cox
Randy J. Tanner
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT  59807-9199
Telephone:  406.543.6646
rcox@boonekarlberg.com
rtanner@boonekarlberg.com

William J. Duffy, *pro hac vice*
Kenzo Kawanabe, *pro hac vice*
Benjamin B. Strawn, *pro hac vice*
Elizabeth H. Temkin, *pro hac vice*
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO  80202-1500
william.duffy@dgslaw.com
kenzo.kawanabe@dgslaw.com
ben.strawn@dgslaw.com
temkin@dgslaw.com

*Attorneys for Defendant Atlantic Richfield Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC RICHFIELD COMPANY, a Delaware Corporation,<br><br>Defendant. | Cause No. CV 12-53-H-DLC<br><br>**DEFENDANT ATLANTIC RICHFIELD COMPANY'S POINT BRIEF REGARDING ASARCO'S BURDEN OF PROOF ON RESPONSE COSTS** |

Asarco argues in its trial brief that it is entitled to an "irrebuttable presumption" that the East Helena Site cleanup costs are consistent with the National Contingency Plan ("NCP"). (*See* Doc. 237 at 15–16.) Not so. The plain language of the regulation Asarco relies on—40 C.F.R. § 300.700(c)(3)(ii)—shows it has no application to this case. In *Morrison*, for example, the principal case Asarco relies on, the court refused to apply Section 300.700(c)(3)(ii) because, just as in this case, the actions at issue were not taken pursuant to an EPA-issued order or EPA consent decree. The Court should reject Asarco's attempt to impose a purported evidentiary presumption that has no application to this case.

## ANALYSIS

Section 300.700(c)(3)(ii) provides:

> Any response action carried out in compliance with the terms of an order issued by EPA pursuant to section 106 of CERCLA, or a consent decree entered into pursuant to section 122 of CERCLA, will be considered "consistent with the NCP."

By its plain terms, the regulation applies <u>only</u> to response actions taken pursuant to an EPA order (CERCLA § 106) or consent decree (CERCLA § 122). This case involves neither. There is no order issued by EPA under CERCLA § 106 in this case. Nor is there an EPA consent decree at issue.

Each of the cases Asarco points to in its brief shows the operative consent decree for evaluating NCP consistency under Section 300.700(c)(3)(ii) is the

consent decree pursuant to which the alleged actions are taken. *See Morrison Enters. v. McShares, Inc.*, 302 F.3d 1127, 1136–38 (10th Cir. 2002); *Central Me. Power Co. v. F.J. O'Connor Co.*, 838 F. Supp. 641, 647 (D. Me. 1993); *Action Mfg. Co. v. Simon Wrecking Co.*, 287 Fed. Appx. 171, 176 (3rd Cir. 2008) (unpublished).[1]

The only actions relevant to Asarco's claims are METG's cleanup-related activities pursuant to the 1998 Consent Decree, which was issued under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.*, not CERCLA (the "1998 RCRA Consent Decree").[2] Since Asarco is not attempting to recover costs for actions required under a CERCLA consent decree, Section 300.700(c)(3)(ii) does not apply. *See also* Preamble to 1990 NCP revisions, 55 Fed. Reg. 8792, 8797 ("Each response action taken under another authority (e.g.

---

[1] While each of these cases shows the focus of the NCP compliance inquiry is the order or consent decree pursuant to which the actions are taken, the cases are distinguishable from this case in important ways. Each of these cases involved an EPA-issued or -approved order, record of decision, workplan, or consent decree with defined standards (no such document is at issue in this case). *See Morrison*, 302 F.3d at 1136–38; *Action Mfg.*, 287 Fed. Appx. at 176; *Central Me.*, 838 F. Supp. at 647. And, in each case, the party seeking to avail itself of Section 300.700(c)(3)(ii) was the party responsible for doing the work and paying the costs. Here, Asarco is attempting to avail itself of the regulation, but METG is doing the work and paying the costs. *See Morrison*, 302 F.3d at 1130–31; *Action Mfg.*, 287 Fed. Appx. at 173; *Central Me.*, 838 F. Supp. at 647.

[2] The 2009 bankruptcy settlement resolved Asarco's outstanding liabilities, including those under CERCLA, but the settlement was a cashout settlement pursuant to the Bankruptcy Code and not a CERCLA Sec. 122 consent decree. Through a May 3, 2010, order, METG was substituted for Asarco to administer the remaining 1998 RCRA Consent Decree obligations and costs at the East Helena Site.

RCRA) for which cost recovery is sought under [CERCLA] must be justified on a case-by-case basis.")

*Morrison*, the principal case Asarco relies on, actually undercuts Asarco's argument.  Morrison involved the implementation of a RCRA corrective action under state authority where there was ample evidence that EPA intended the corrective action, which was part of a pilot program, to be consistent with the NCP.  *See* 302 F.3d at 1137.  Asarco offers no such evidence here.  Regardless, under those circumstances, the *Morrison* court refused to apply Section 300.700(c)(3)(ii) because there was no EPA-issued order (CERCLA § 106) or EPA consent decree (CERCLA § 122) at issue.[3]

Aside from being squarely at odds with the plain language of the regulation, Asarco's new position—i.e., that it incurred response costs pursuant to an EPA-issued order or consent decree—directly contradicts the positions it previously took both before this Court and the Ninth Circuit.  When Asarco argued on summary judgment that the 1998 RCRA Consent Decree did not trigger the

---

[3] The *Morrison* court noted "the very important role of the courts in deciding, on a *case-specific* basis, what costs should be awarded to the party."  302 F.3d at 1138 n.3 (quoting 55 Fed. Reg. 8792, 8794) (emphasis original).  Thus, even if Section 300.700(c)(3)(ii) applied (it does not), it did not create an "irrebuttable presumption," as Asarco argues.  A regulatory presumption "is inherently rebuttable absent clear statutory language to the contrary."  *Jensen v. United States*, 743 F. Supp. 1091, 1112 (D.N.J. 1990) (citation omitted) (concluding regulatory presumption was not irrebuttable); *see also United States v. Proceeds of Sale of 13,012 Pounds of Atlantic Sea Scallops*, 87–cv–1753, 1989 WL 110862, 1989 U.S. Dist. Lexis 11340, at *19–*20 (E.D. Pa. Sept. 25, 1989).

CERCLA statute of limitations, Asarco claimed the Consent Decree "did not resolve Asarco's liability for response costs" and, in fact, had nothing to do with any response costs or actions under CERCLA. (See Asarco's 9th Cir. Opening brief at 32 ("This settlement of alleged past operating violations was not a resolution of liability for response actions or costs that could support a contribution action under [CERCLA] section 113(f)(3)(B).'"))

Asarco previously conceded that the 1998 RCRA Consent Decree had nothing to do with any response actions or costs required by an EPA Consent Decree issued under CERCLA. Asarco should be judicially estopped from taking the opposite position now. *See, e.g.*, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (Judicial estoppel is an equitable doctrine that precludes a party from "playing fast and loose with the courts" by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.)

Asarco previously wrote: "'It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms.'" (Asarco's 9th Cir. Opening Brief at 33 (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).) Here, Section 300.700(c)(3)(ii)'s language is plain—it applies only to response action taken pursuant to an EPA-issued order

5

(CERCLA § 106) or an EPA-issued consent decree (CERCLA § 122).  Since neither is at issue in this case, the regulation has no application.

## CONCLUSION

The Court should reject Asarco's attempt to apply Section 300.700(c)(3)(ii) to this case.  The regulation applies only to EPA-issued orders (under CERCLA § 106) or EPA consent decrees (under CERCLA § 122).  Neither is at issue here.  The Asarco settlement is funding cleanup pursuant to the 1998 RCRA Consent Decree, not CERCLA.

Dated this 17th day of May 2018.

/s/ Randy J. Tanner
Randy J. Tanner
BOONE KARLBERG P.C.
*Attorneys for Defendant*
*Atlantic Richfield Company*