IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC RICHFIELD COMPANY, a Delaware Corporation,<br><br>Defendant. | CV 12–53–H–DLC<br><br><br><br>ORDER |

At the time of the final pretrial conference in this case, the Court agreed to address the pending motions relating to the recent expert disclosures. The purpose of this Order is to address those motions and associated briefs, which include Asarco LLC's ("Asarco") Objection to Atlantic Richfield Company's ("ARCO") Untimely Disclosure of Brian Hansen's Supplemental Report (Doc. 224), Response to Objection to Supplemental Expert Report of Brian Hansen (Doc. 226), Asarco's Reply in Support of its Objection to Brian Hansen's Supplemental Report as Untimely Expert Disclosure (Doc. 240), ARCO's Motion to Strike and Exclude Dr. Andy Davis's Surrebuttal Report and Opinions (Doc. 245), and Asarco's Response in Opposition to ARCO's Motion to Strike and Exclude Dr. Andy

-1-

Davis's Surrebuttal Report and Opinions (Doc. 250), and to provide the parties and their respective experts with some guidance for purposes of the bench trial set to commence on Tuesday, May 29, 2018.

This dispute is the result of the Court's Order allowing for the filing of limited supplemental expert reports "to address site activity occurring over the last two years." (Doc. 210.) As indicated in the Order, Federal Rule of Civil Procedure 26(e)(1) requires parties to supplement or correct an incomplete or incorrect disclosure in a timely manner if the "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (*Id.*) The Court ordered that supplementation of incomplete or incorrect expert reports be filed no later than February 28, 2018. (*Id.*) The Court did not address in its Order whether rebuttal reports would be allowed.

ARCO's expert, Brian Hansen ("Hansen"), prepared a supplemental report, dated February 28, 2018. Asarco objects to expert Hansen's supplemental opinions on the grounds that the opinions offered in subsection (A) are new, previously undisclosed opinions based on information available at the time ARCO exchanged Hansen's prior reports, and that the opinion contained in subsection (B) is an entirely new opinion that Hansen was never qualified to offer and was not previously and timely disclosed. (Doc. 224.) In the alternative, in the event the

Court allows expert Hansen to offer supplemental opinions, Asarco sought leave to allow its expert, Dr. Andy Davis ("Davis"), to prepare and produce rebuttal opinions to expert Hansen's supplemental opinions. Because the Court did not timely address Asarco's alternative request, expert Davis has now prepared and produced a surrebuttal expert report, dated May 10, 2018. ARCO now objects to Davis's surrebuttal report and opinions, arguing that the report is untimely, and contains improper new and expanded opinions. (Doc. 246.)

The Court has read and re-read all of the reports prepared by experts Hansen and Davis and has concluded that the testimony of these two experts will be central to the positions of the respective parties at the time of trial, but must confess that although its reading of these reports has been helpful to a general understanding of the issues in this case, the Court's current level of understanding can best be characterized as "a mile wide and an inch deep." This characterization is based not on a lack of effort, but due to the simple fact that the Court has not heard from a single sworn witness, nor has had the opportunity to carefully consider any admitted exhibits. In other words, as it relates to the subject expert dispute, the Court is operating in a vacuum, without context, and thus is unable to determine whether any supplemental or surrebuttal opinion is consistent with the Local Rules, the Rules of Civil Procedure, or, most importantly, consistent with the Court's

Order allowing supplemental opinions in the first instance. Thus, the Court is in no position to parse out the new opinions of the experts, and will not do so at this time.

However, in an attempt to provide some guidance to the parties, their counsel and experts, the Court offers the following:

- The rationale for allowing supplemental opinions in the Order dated December 13, 2017 (Doc. 210), is based on the Court's belief that the activities which have occurred at the site since this case was appealed to the Ninth Circuit on August 26, 2014, may not only be helpful, but necessary to the Court's ultimate findings and conclusions in this case, particularly on the issues of costs subject to allocation, and the percentage of allocation between the parties, assuming the Court concludes that ARCO is liable for a share of costs related to the site cleanup, all of which are matters to be determined at the conclusion of the bench trial.

- Steadfast adherence to the Local Rules, Rules of Civil Procedure and scheduling orders is not only desirous, but expected, particularly as it relates to the disclosure of expert opinions. Both parties have cited Montana District cases consistent with this approach. However, we collectively find ourselves in a unique situation, for which the Court bears some

responsibility. The Court allowed supplemental opinions to be filed in the first instance, thus setting the stage for this dispute, and has not yet addressed Asarco's alternative request to allow a surrebuttal report from expert Davis.[1] Absent prejudice to one party or the other, strict adherence to the rules in this instance does not seem to be the wisest course.

- The last minute disclosure of expert opinions is unsettling to the parties and counsel, and in some instances, can result in prejudice. However, again, having read all of the reports of experts Hansen and Davis, the Court is of the opinion that neither party will be unduly prejudiced, if at all, if some supplemental and surrebuttal opinions are allowed at trial. Both experts have provided testimony in other cases, and can accurately be described as sophisticated expert witnesses.[2] Like all seasoned expert witnesses, they will offer opinions, bolster previously offered opinions, and prepare reports until someone, usually a judge, tells them they have reached the end of the road. And, of course, any expert worth his or her salt, wants to have the last word on any given subject. The Court is of the opinion that

---

[1] The easier path would have been to refuse ARCO's request to allow the parties to file supplemental reports, but the Court feared that in doing so it would have been deciding this case without the benefit of intervening events, as explained in the first bullet point above.
[2] The Court does not intend to imply anything negative in making this comment, and in fact, welcomes and looks forward to the opinion testimony of both experts Hansen and Davis.

-5-

some of that is at play here.

In the spirit of these comments, the Court will proceed at trial as follows:

- In Asarco's case in chief, expert Davis shall testify and offer opinions consistent with his 12/16/13 Expert Report, 11/15/14 Rebuttal Report, 3/13/14 Rebuttal Report (Medine), 3/10/14 Rebuttal Report (Hansen), 5/29/14 Rebuttal Report (Monte) and 6/30/14 Rebuttal Report (Errata). Cross-examination by ARCO shall be limited to the opinions offered by Davis consistent with these reports.

- In ARCO's case in chief, expert Hansen shall first testify and offer opinions consistent with his 12/16/13 Expert Report, 1/15/14 Rebuttal Report and 2/5/14 Statement. Then, before proceeding to offer any of the opinions contained within his 2/28/18 supplemental report, expert Hansen shall initially identify any new information he has received since his last report in 2014, and specifically explain why this information renders his original opinions incomplete or incorrect in some material respect as contemplated by Federal Rule of Civil Procedure 26(e)(1)(A). If the Court is satisfied he has met this test, the supplemental opinion or opinions of expert Hansen will likely be allowed, provided they are contained within his 2/28/18 supplemental report. Asarco will then be allowed to cross-examine

expert Hansen on all opinions offered and allowed by the Court.

- If the Court allows expert Hansen to offer supplemental opinions, then, of course, Asarco will be allowed to re-call, in rebuttal, expert Davis, who will then be allowed to offer rebuttal to the supplemental opinions offered by Hansen, provided they are contained within his 5/10/18 surrebuttal report. At this juncture, ARCO's cross-examination will be limited to the surrebuttal opinions offered and allowed by the Court.

Having provided this guidance, if the parties are able to stipulate to an alternative manner in which to resolve the subject dispute regarding experts Hansen and Davis, please advise the Court of your agreement, and most likely the parties stipulated approach will be followed by the Court.

Accordingly, IT IS ORDERED that:

1. Absent a stipulation to the contrary, the Court will proceed as outlined above.

2. The Court RESERVES ruling on Asarco's Objection to ARCO's Untimely Disclosure of Brian Hansen's Supplemental Report (Doc. 224) and Defendant Atlantic Richfield Company's Motion to Strike and Exclude Dr. Andy Davis's Surrebuttal Report and Opinions (Doc. 245) until the time of trial.[3]

---

[3] The Court also agreed to review the deposition designations before trial and make a determination regarding the manner of presentation of this testimony and address the objections.

DATED this 25th day of May, 2018.

_____
Dana L. Christensen, Chief Judge
United States District Court

---

Having reviewed the designated deposition testimony, the Court has concluded that the most expeditious approach is for the deposition testimony to be presented during the course of the trial, and the Court will rule on the objections as the testimony is presented. If the objection is sustained, the answer will be disregarded.