IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC RICHFIELD COMPANY, a Delaware Corporation,<br><br>    Defendant. | CV 12–53–H–DLC<br><br><br>ORDER |

In advance of the February 4, 2021 evidentiary hearing, Plaintiff ASARCO LLC ("ASARCO") has filed two motions in limine. (Docs. 330, 334.) ASARCO represents that Defendant Atlantic Richfield Company ("Atlantic Richfield") objects to both motions. (Docs. 330 at 2; 334 at 2.) Atlantic Richfield has not yet responded to ASARCO's motions to specify the nature of its objections; however, with the hearing just around the corner, the Court will indicate how it will rule on the motions in limine to allow the parties to adequately prepare.

## INTRODUCTION

In its first motion in limine, ASARCO asks the Court to limit the scope of testimony of two witnesses from the Montana Environmental Trust Group ("METG") as irrelevant and unfairly prejudicial, pursuant to Federal Rules of

-1-

Evidence 402 and 403. (Doc. 331 at 7.) ASARCO argues that because METG "does not have the authority to act or incur costs without the direction or approval of the [Environmental Protection Agency], any testimony [METG Witness] Roberts or [METG Witness] Roby may offer related to costs 'incurred' at the [East Helena Superfund] Site" is of no import to the issue to be decided on remand. (*Id.*) Thus, ASARCO asks the Court to limit testimony from METG Witness Roberts to "authenticating and providing foundation for the METG budgets, and [to] limit[] any testimony from [METG Witness] Roby to authenticating and providing foundation for Corrective Measures studies and reports prepared by METG." (Doc. 331 at 9.)

Second, ASARCO seeks an order in limine limiting the testimony of Donald Booth. (Doc. 335 at 2.) At bottom, ASARCO predicts that Atlantic Richfield will use Witness Booth to challenge the allocation of incurred response costs that this Court and the Ninth Circuit have previously determined is Atlantic Richfield's equitable share. (*Id.*) ASARCO argues that any efforts by Atlantic Richfield to reopen the allocation question, by way of testimony from Witness Booth, would be irrelevant and prejudicial. (*Id.* at 10.) Accordingly, ASARCO asks the Court to preclude Witness Booth from "testifying that certain costs are related to selenium instead of arsenic, and are therefore not allocable." (*Id.*) Further, ASARCO

requests an order preventing Witness Booth "from challenging the Court's decision to allocate Atlantic Richfield a (sic) 25 percent responsibility for all costs response (sic) incurred at the East Helena Superfund Site." (*Id.*)

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Although the Federal Rules of Evidence do not explicitly prescribe it, the Supreme Court authorizes trial judges to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States, 469 U.S. 38, 41 n.4 (1984).* By ruling in limine, the court "gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury." *Id.* at 1111–12.

"A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules." *Sprint/United Mgm't Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (citation omitted). Still, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008). Instead, "the evidence must be inadmissible on all potential grounds" to exclude it on a motion in limine. *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).

-3-

"Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

Finally, the Court reminds the parties that rulings in limine are provisional. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## ANALYSIS

As already set out, ASARCO bases its motions on irrelevance and prejudice, pursuant to Federal Rules of Evidence 402 and 403.

Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, a court may exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Relevant evidence should be excluded under Rule 403 only sparingly, as "the Rule's major function is limited to excluding matter of scant or

cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (citation omitted).

Here, the Court understands ASARCO's position as it relates to the probative value of witnesses from METG, when METG purportedly can only act at the direction or approval of the lead agency. It also understands that if the question on remand was presented to a jury, an order in limine may be appropriate to mitigate the danger of confusion and prejudice caused by these witness' unfettered testimony. And, as indicated in its previous order, the Court certainly appreciates ASARCO's concern that Atlantic Richfield may attempt to relitigate an allocation amount already determined and affirmed. Again, if a jury were the factfinder on remand, the Court would be more easily persuaded to issue an order to prevent confusion and unfair prejudice on this point.

With that said, however, the Court—not a jury—has been the factfinder throughout the long life of this case. Indeed, the upcoming hearing is essentially a mini-bench trial, and the threshold evidentiary rulings that ASARCO asks the Court to make based on relevance and prejudice are superfluous. *See Heller*, 551 F.3d 1108, 1112. As Ninth Circuit Judge McKeown put it, "[i]t would be, in effect, 'coals to Newcastle,' asking the judge to rule in advance on prejudicial

evidence so that the judge would not hear the evidence." *Id.* The Court is familiar with the parties, the facts, and the arguments in this case; there is no reason it cannot hear all the evidence and weigh its probative value as it comes. Further, the Court expects that both parties will follow its clear directives and limitations regarding what issues the upcoming hearing is designed to allow it to consider— and what issues are *not* open for reconsideration. (*See* Doc. 324.)

## ORDER

For the foregoing reasons, IT IS ORDERED that ASARCO's motions in limine (Docs. 330 and 334) are DENIED to the extent that the Court views them as superfluous. The Court will resolve questions of foundation, relevancy, and potential prejudice at the evidentiary hearing. *See Hawthorne Partners*, 831 F.Supp. at 1400.

DATED this 2nd day of February, 2021.

Dana L. Christensen, District Judge
United States District Court